UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


PRESTON G. DEMOUCHETTE JR. (#90331)

VERSUS                                              CIVIL ACTION

JAMES D. CALDWELL, ET AL                            NUMBER 14-409-BAJ-SCR

### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, August 29, 2014.

                                         STEPHEN C. RIEDLINGER
                                         UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


PRESTON G. DEMOUCHETTE JR. (#90331)

VERSUS                                                          CIVIL ACTION

JAMES D. CALDWELL, ET AL                              NUMBER 14-409-BAJ-SCR


**MAGISTRATE JUDGE'S REPORT**

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana State Attorney General James D. Caldwell, Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Tessie Cooley and Corrections ARDC Records Specialist seeking monetary damages for each day of his allegedly false imprisonment.  Plaintiff is serving a 99 year sentence imposed following his 1976 conviction for armed robbery in the Sixteenth Judicial District Court, and it is this conviction and sentence that he claims resulted in his false imprisonment. Plaintiff essentially alleged that the state court lacked subject matter jurisdiction to prosecute him for various reasons, such as an insufficient indictment, no legal process, no commitment, and false documents.[1]

---

[1] Plaintiff made similar claims in a previous complaint which was dismissed after he failed to pay the filing fee. *Demouchette v. Caldwell*, CV 14-123-BAJ-SCR.

Section 1915(g) of Title 28 of the United States Code provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), the Fifth Circuit Court of Appeals held that: (1) section 1915(g) applies to cases pending on the effective date of the statute; and, (2) a suit dismissed prior to the effective date of the statute on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, is considered within the ambit of the "three strikes" provision of section 1915(g). Dismissals as frivolous in the district courts or the court of appeals count for the purposes of the statute. *Id*. Dismissals include only those for which appeal has been exhausted or waived. *Id*. However, dismissals later reversed are not to be counted as a strike. *Id*. By contrast, the frivolous appeal of a lower court's dismissal as frivolous counts twice. *Id*.

Plaintiff's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 was denied because on three prior occasions during detention, the plaintiff brought an action that was dismissed as

2

frivolous or for failure to state a claim upon which relief can be granted.[2]

On July 11, 2014, the plaintiff was granted 21 days from the date of the order to pay the court's filing fee in the amount of $400.00.

A review of the record showed that more than 21 days has elapsed and the plaintiff failed to pay the filing fee. Despite clear notice that he must pay the full filing fee and ample time to do so, the plaintiff has failed to pay the filing fee. Therefore, the plaintiff's § 1983 complaint should be dismissed without prejudice.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's § 1983 complaint be dismissed without prejudice for failure to pay the filing fee.

Baton Rouge, Louisiana, August 29, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[2] Section 1915(g) contains an exception that allows prisoners whose privileges have been revoked to proceed in forma pauperis in cases involving imminent danger of serious physical injury. Plaintiff's claims do not fall under the exception.