UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PRESTON G. DEMOUCHETTE, JR.                 CIVIL ACTION

VERSUS

JAMES D. CALDWELL, ET AL.                  NO.: 3:14-cv-00409-BAJ-SCR

## RULING AND ORDER

On August 29, 2014, the United States Magistrate Judge issued a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), recommending that Plaintiff Preston G. Demouchette's ("Plaintiff") Complaint (Doc. 1) be dismissed without prejudice for failure to pay the court's filing fee. (Doc. 4). On July 11, 2014, the Magistrate Judge issued an order stating that Plaintiff had previously filed at least three actions in federal court that were found to be either frivolous or failed to state a claim upon which relief could be granted. (Doc. 3). As such, and in accordance with 28 U.S.C. § 1915(g), Plaintiff was ordered to pay the court's full filing fee within twenty-one (21) days of the order. (*Id.*). Plaintiff has not paid the filing fee.

The Magistrate Judge's Report and Recommendation specifically notified Plaintiff that, pursuant to 28 U.S.C. § 636(b)(1), he had fourteen (14) days from the date he received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 4

at p. 1). A review of the record indicates that Plaintiff did timely file objections to the Magistrate Judge's Report and Recommendation.[1] (Doc. 5).

Having carefully considered the Plaintiff's Complaint and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts its findings of fact, conclusions of law, and recommendation.

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report (Doc. 4)** is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that the above captioned matter be **DISMISSED WITHOUT PREJUDICE**, for failure to pay the Court's filing fee.

Baton Rouge, Louisiana, this 9th day of January, 2015.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[1] In his objections, Plaintiff contends that his prior "3 strikes" were never appealed and never waived. He further contends that neither the Prison Litigation Reform Act ("PLRA"), nor the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to him because his convictions became final prior to their enactment. (Doc. 5 at p. 2). Plaintiff's statement that the AEDPA does not apply to him is correct, but for a different reason – the instant lawsuit is not a petition for a writ of habeas corpus. With respect to the PLRA's applicability, Plaintiff's assertion that the date of his conviction governs is incorrect. The United States Court of Appeals for the Fifth Circuit has held that the PLRA became effective on the date it was signed into law. *See Adepegba v. Hammons*, 103 F.3d 383, 386 (5th Cir. 1996). It has also been held to apply to appeals pending on its effective date. *Id.* at 386-87. Accordingly, Plaintiff's objections are without merit.

2